# United States Court of Appeals for the Fifth Circuit

---

No. 22-50738
CONSOLIDATED WITH
No. 22-50739
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 16, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAIME TOMAS-ANTONIO,

*Defendant—Appellant*.

---

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 4:22-CR-125-1, 4:21-CR-345-1

---

Before SMITH, SOUTHWICK, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Jaime Tomas-Antonio appeals his conviction and sentence for illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(1), as well as the judgment revoking his term of supervised release for a prior offense. He has not

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-50738
c/w No. 22-50739

briefed, and has therefore abandoned, any challenge to the revocation of supervised release or his revocation sentence. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

For the first time on appeal, Tomas-Antonio contends that § 1326(b) is unconstitutional because it allows for a sentence above the otherwise applicable statutory maximum based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. He has filed an unopposed motion for summary disposition and a letter brief explaining that he raises this issue only to preserve it for further review and conceding correctly that it is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Tomas-Antonio's motion is GRANTED, and the district court's judgments are AFFIRMED.